IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KIMBERLY L. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| THE CITY OF MORRISTOWN, | ) | JURY DEMAND |
| TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Kimberly L. Myers, Plaintiff, for her cause of action against The City of Morristown, Tennessee, Defendant, states as follows:

### THE PARTIES

1. Kimberly L. Myers (hereinafter referred to as "Kim Myers") is a citizen and resident of Hamblen County, Tennessee.

2. The City of Morristown, Tennessee (hereinafter "City of Morristown"), is an incorporated municipality organized and existing pursuant to the laws of the State of Tennessee. The City of Morristown may be served with process upon its City Administrator, Anthony W. Cox, 100 West First North Street, Morristown, Tennessee 37814.

### JURISDICTION AND VENUE

3. The Defendant is an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

4. The Defendant is an employer subject to the provisions of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*

5. Jurisdiction in this matter is founded upon 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f). This Court may exercise pendant jurisdiction over the state law claims. Venue is proper under the provisions of 28 U.S.C. § 1391.

FACTUAL BACKGROUND

6. Kim Myers is female.

7. The City of Morristown is an employer engaged in local government operations and employs more than fifteen (15) regular employees.

8. The City of Morristown operates as an incorporated municipality.

9. Kim Myers was first hired to work by the Defendant on January 21, 2003, as an accounting technician. Kim Myers then became the senior accounting technician in June 2008. Kim Myers moved positions and became a payroll technician in June 2011 and subsequently became an administrative secretary in January 2013. In total, Kim Myers worked for the Defendant for fifteen and a half years.

10. During her employment with the Defendant, Kim Myers performed her duties in a satisfactory manner.

11. During her employment, Kim Myers and other female employees of the Defendant were subjected to unwelcome sexually offensive remarks and conduct from the sanitation superintendent, Doug Deering, employed by the Defendant. Doug Deering made numerous direct comments on many occasions that were sexually toned in nature or were direct sexual remarks. The comments were sufficiently severe and pervasive as to create an intimidating, hostile, and offensive work environment. Upon information and belief, Doug

2

Deering had supervisory authority over the terms and conditions of the employment of Kim Myers.

12. As examples of some of the sexually offensive remarks and conduct, Doug Deering said and did the following:

- Doug Deering made a comment about a shower curtain, whip cream, and strawberries. He would say how much fun he could have with those items and continued to talk about the same topic for days. He went to the store, bought strawberries and whipped cream, and brought the two items into the office. Doug Deering was obviously engaging in sexual innuendo.

- Doug Deering would discuss his relationships with women and how much "fun" he would have with them;

- Doug Deering would talk about how women would keep him up all night long, that the women would "wear him out," and that he would not get any sleep;

- Doug Deering would talk about women's breasts, how they looked, how big they are, and how "pretty" they are;

- Doug Deering would talk about staying up all night with different women;

- Doug Deering would talk about how women would show up in the middle of the night just to have some fun;

- Doug Deering made hand gestures in front of Kim Myers and a co-worker by making a circle with his fingers and putting another finger in and out of the circle of his other fingers insinuating sexual intercourse;

- Doug Deering told Kim Myers and other female co-workers inappropriate details about him and 4 or 5 other women having sexual relations in one week;

- Doug Deering talked about how he was seeing someone the Plaintiff's age and how he would barter sexual relations for the woman to make him food;

- Doug Deering once told me that he made a comment about stirrups in the weekly staff meeting. He told me that he made a comment during the staff meeting about having stirrups at home but he used them for reasons other than the reasons that the group was discussing. Again, Doug Deering was obviously making an inappropriate sexual reference.

3

13.     Kim Myers told Doug Deering on multiple occasions that his comments made her uncomfortable, that she did not need to hear his inappropriate comments, and she asked him to stop making the inappropriate comments.

14.     After Doug Deering made the offensive sexual comments, Kim Myers complained to an individual in a supervisory position with the Defendant on numerous occasions.  Upon complaining of these issues, the supervisor took no action.  Specifically, Kim Myers complained to her immediate supervisor, Paul Brown, on multiple occasions that she was being sexually harassed by Doug Deering and that she no longer wanted the harassment to continue.  In addition, Paul Brown witnessed the inappropriate sexual harassment from Doug Deering on numerous occasions and did not take any action to stop the harassment.  Paul Brown in essence ignored all of the requests from Kim Myers requesting that he do something to make the behavior stop.

15.     Although management personnel of the Defendant were aware of the sexual harassment and sexual discrimination from Doug Deering, the Defendant failed to protect Kim Myers from the hostile and offensive actions of Doug Deering.

16.     The actions of Doug Deering were uninvited and unwelcome on the part of the Plaintiff and made her workplace a hostile, offensive, and abusive environment.  The conduct was sufficiently severe or pervasive to alter the conditions of employment and create a hostile working environment prohibited by Title VII and by the Tennessee Human Rights Act.

17.     Another female employee made an allegation of sexual harassment to Defendant in April 2018 and then subsequently received a raise.  Kim Myers found out about the raise through her regular course of work responsibilities with the Defendant.  When she questioned management personnel of the Defendant she was suspended.  After she was suspended, Kim

4

Myers reported the sexual harassment by Doug Deering in writing to the Human Resources Department. Kim Myers was terminated three days later for a pretextual reason related to her discussions about the raise given to the other female employee.

18. As a result of the actions of the Defendant, Kim Myers filed a timely charge of sexual discrimination and sexual harassment and retaliation on or about August 15, 2018, with both the Equal Employment Opportunity Commission (EEOC) and the Tennessee Human Rights Commission (THRC).

19. On or after August 20, 2018, Kim Myers received a Right to Sue Notice from the EEOC. The Notice is dated August 17, 2018. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit A and is incorporated herein by express reference.

20. Kim Myers has satisfied all of the procedural and administrative requirements of Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, by filing a timely written charge of discrimination with the U.S. Equal Employment Opportunity Commission and filing this Complaint within ninety days from the receipt of the Notice of Right to Sue.

COUNT ONE

TITLE VII SEXUAL HARRASSMENT – HOSTILE WORK ENVIRONMENT

21. The allegations of Paragraphs 1 through 20 above are hereby incorporated into this Count One by reference.

22. The conduct of the Defendant constitutes discrimination against the Plaintiff affecting a term, condition, or privilege of employment because of her sex in violation of 28 U.S.C. § 2000e *et seq*. and the Civil Rights Act of 1991.

5

23.     Defendant is strictly liable for the actions of Doug Deering, in that the acceptance or rejection of his sexual comments and pressure was an express or implied condition to receipt by Plaintiff of job benefits and the cause of job detriments and the Plaintiff was terminated in retaliation for complaining about the sexual comments and demands of Doug Deering.

24.     In the alternative, Defendant is responsible and liable for the actions of Doug Deering under the doctrine of respondeat superior under agency principles because of the supervisory position of Doug Deering and because it knew or should have known of his actions and failed to take prompt, effective, and complete remedial action.  By this failure, Defendant acquiesced in, approved, and ratified the actions.

25.     As a result of the Defendant's actions, the Plaintiff has lost tangible job benefits including loss of income and benefits past and future and has suffered and will continue to suffer irreparable injury, emotional distress, and pain and suffering and other nonpecuniary losses as a direct result of Defendant's actions and failure to act.

COUNT TWO

THRA SEXUAL HARRASSMENT – HOSTILE WORK ENVIRONMENT

26.     Plaintiff re-alleges the allegations contained in Paragraph 1 through Paragraph 25.

27.     The conduct of the Defendant constitutes discrimination against the Plaintiff affecting a term, condition, or privilege of employment because of her gender in violation of Tenn. Code Ann. § 4-21-101 *et seq*.

28.     The Defendant is strictly liable for the actions of Doug Deering in that the acceptance or rejection of his sexual comments and pressure was an express or implied condition to receipt by the Plaintiff of job benefits and the cause of tangible job detriments and the Plaintiff was terminated in retaliation for complaining about the sexual comments of Doug Deering.

6

29. In the alternative, the Defendant is responsible and liable for the conduct of Doug Deering under the doctrine of respondeat superior because of his supervisory position and because the Defendant knew or should have known of his actions and failed to take prompt, effective, and complete remedial action. By this failure, the Defendant approved and ratified the actions of Doug Deering.

30. As a result of the actions of the Defendant, the Plaintiff has lost tangible job benefits including a loss of income and benefits both in the past and in the future, and has suffered and will continue to suffer irreparable injury, emotional distress, pain and suffering, and other pecuniary losses as a direct result of the actions of the Defendant.

COUNT THREE

TITLE VII – RETALIATORY DISCHARGE

31. The allegations of Paragraphs 1 through 30 are incorporated herein by reference.

32. The retaliatory actions of the Defendant violated the provisions of 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1991.

33. The Defendant is responsible for the retaliatory actions of its agents and employees under the doctrine of respondeat superior and under agency principals.

34. As a result of the retaliation, the Plaintiff has lost tangible job benefits including a loss of income and benefits both past and future, and has suffered and will continue to suffer irreparable injury, emotional distress, and pain and suffering and other nonpecuniary losses as a direct result of Defendant's actions and failure to act.

7

## COUNT FOUR

## THRA – RETALIATORY DISCHARGE

35. The allegations of Paragraphs 1 through 34 are herein incorporated by reference.

36. The retaliatory actions of the Defendant violates the provisions of Tenn. Code Ann. §4-21-101 *et seq*.

37. The Defendant is responsible for and liable for the retaliatory actions of its agents and employees under the doctrine of respondeat superior and under agency principles.

38. As a result of the retaliation, the Plaintiff has lost tangible job benefits including a loss of income and benefits both in the past and in the future and has suffered and will continue to suffer irreparable injury, emotional distress and pain and suffering, and other nonpecuniary losses as a direct result of the Defendant's actions and failure to act.

WHEREFORE, Kimberly L. Myers, Plaintiff, respectfully prays as follows:

A. That proper process issue to the Defendant requiring response to this Complaint within the time allowed by law.

B. That the Plaintiff be awarded backpay, front pay, and other compensatory damages against the Defendant in the full amount allowed by law up to and including $300,000.00.

C. That the Plaintiff be awarded pre-judgment interest.

D. That the Plaintiff be awarded her attorney fees pursuant to the provisions of 42 U.S.C. § 2000e-5(h) and/or Tenn. Code Ann. § 4-21-311(b).

E. That the Plaintiff be awarded her discretionary costs.

F. That all costs of this action be taxed to the Defendant.

G. That a jury be empaneled for this cause of action.

H.    That the Plaintiff be awarded such other and further relief to which she may prove entitled.

Respectfully submitted,

_Kimberly L. Myers_

Kimberly L. Myers


OF COUNSEL:

TARPY, COX, FLEISHMAN & LEVEILLE, PLLC


By:_____

Thomas M. Leveille (014395)
Counsel for Kimberly L. Myers
1111 N. Northshore Drive
Landmark Center North Tower, Suite N-290
Knoxville, Tennessee  37919
(865) 588-1096
(865) 588-1171 (fax)
tleveille@tcflattorneys.com

9



TARPY, COX,
FLEISHMAN
&
LEVEILLE
P.L.L.C.

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kimberly L. Myers<br>2815 Northview Drive<br>Morristown, TN 37814 | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2018-02570 | Phillip A. Bornefeld,<br>Enforcement Supervisor | (615) 736-2108 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Deborah K. Walker* PAB

AUG 1 7 2018

Enclosures(s)

Deborah K. Walker,
Area Office Director

*(Date Mailed)*

cc:

Human Resource Director
CITY OF MORRISTOWN
100 West 1st North Street
Morristown, TN 37814